14-304(L)
*United States v. Kenny*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of January, two thousand fifteen.

PRESENT:

        JOSÉ A. CABRANES,
        CHESTER J. STRAUB,
                *Circuit Judges.*
        LORNA G. SCHOFIELD,[*]
                *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

CHARLES M. CARBERRY, INDEPENDENT REVIEW BOARD
CHIEF INVESTIGATOR,
        *Appellee,*

      -v.-                        Nos. 14-304(L), 14-407(Con)

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ET AL.,
        *Defendants,*

PAUL KENNY,
        *Defendant-Appellant,*

ABRAHAM MORENO, GARY GUILLORY,
        *Interested Parties-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR DEFENDANT-APPELLANT
PAUL KENNY:

STUART LICHTEN, Lichten & Bright, P.C., New York, NY.

FOR INTERESTED PARTIES-
APPELLANTS ABRAHAM MORENO
and GARY GUILLORY:

DOUGLAS N. SILVERSTEIN (Catherine J. Roland, *on the brief*), Kesluk, Silverstein & Jacob, P.C., Los Angeles, CA.

FOR APPELLEE UNITED STATES:

CALEB HAYES-DEATS (Mara E. Trager, Jaimie L. Nawaday, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR APPELLEE CHARLES M. CARBERRY:

CELIA A. ZAHNER, Chief Investigator's Office of the Independent Review Board, New York, NY, Charles M. Carberry (Todd R. Geremia, Sarah J. Fox *on the brief*), Jones Day, New York, NY.

Appeal from a January 7, 2014 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause be **AFFIRMED.**

Appellants Paul Kenny, Abraham Moreno, and Gary Guillory appeal from a final order of the United States District Court for the Southern District of New York, which granted an application and affirmed the decision of the Independent Review Board ("IRB") of the International Brotherhood of Teamsters ("IBT"). In its decision, dated September 21, 2011, the IRB concluded that the IBT's decision finding that appellants had embezzled from IBT Local 630 and imposing sanctions was "not inadequate." The District Court entered its January 7, 2014 order pursuant to its continuing oversight of the Consent Decree entered in *United States v. IBT*, No. 88 Civ. 4486 (S.D.N.Y. Mar. 14, 1989).

On appeal, appellants argue that substantial evidence was not presented to sustain a finding that they breached their fiduciary duties and embezzled union funds.

We review the IRB's findings of facts for "substantial evidence" on the whole record. *United States v. IBT*, 247 F.3d 370, 380 (2d Cir. 2001) ("*Carey & Hamilton*") (citation omitted). Substantial evidence is something more than "a mere scintilla" but something less than "the weight of the evidence." *United States v. IBT* ("*Simpson*"), 120 F.3d 341, 346 (2d Cir. 1997). "Substantial evidence includes such relevant evidence as a reasonable mind might accept as adequate to support a

2

conclusion." *Id.* at 346 (internal quotation marks omitted). The test, moreover, "is deferential." *United States v. IBT* ("*Giacumbo*"), 170 F.3d 136, 143 (2d Cir. 1999). Inferences that the IRB draws from facts are "discretionary and can only be disturbed if they are arbitrary and capricious," *id.* (internal quotation marks omitted), as our review "must be of a narrow scope, because this is an area where the IRB has been given wide discretion." *Carey & Hamilton*, 247 F.3d at 380.

Upon review, we conclude that substantial evidence supports the IRB's finding that Kenny, Moreno, and Guillory embezzled funds from Local 630. Appellants visited restaurants with fellow Local 630 officers and employees over 600 times in a three-year span. They often made these outings during business hours. And they spent over $160,000 of union funds in the process. Appellants' arguments that there was a valid union purpose to these outings, that the reimbursement payments were "authorized," or that they were acting in "good faith" are undermined by the frequency of these visits, the objectively excessive amount of funds that were spent on alcohol, and appellants' admission, at the IBT hearing, that their meetings could have been held at the Local 630 office at no cost to the union. Thus, far from being arbitrary and capricious, the IRB decision was commensurate and justified.

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit.[1] Accordingly, we **AFFIRM** the judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Appellants Moreno and Guillory also contend that "several mitigating factors" militate in favor of a reduced punishment. Guillory and Moreno Br. at 26. However, we "must sustain the IRB's determination unless [the court] finds the penalty 'unwarranted in law' or 'without justification in fact.'" *Giacumbo*, 170 F.3d at 144 (quotation marks omitted). Indeed, "[t]he choice of appropriate sanctions ... [is] peculiarly within the purview of the IRB." *Id.* Here, the sanctions found adequate by the IRB were directly proportionate to the appellants' actions and well within the range of punishments provided for in the IBT Constitution. *See United States v. Boggia*, 167 F.3d 113, 120 (2d Cir. 1999).